ENOCH CHAMBERLAIN and another v. FRANCIS B. O'CONNOR.

An order to substitute another person in the place of the defendant, and discharge the latter, under the 122d section of the code, will not be granted where the amount of the fund in the defendant's hands, which is the object of the litigation, is not ascertained, and where the demands of the different persons claiming the same are not for the same debt.

Hence, in proceedings taken by a sub-contractor, under the mechanics' lien law of 1851, where the plaintiff and the owner disagreed as to the amount of the latter's indebtedness to the contractor, the court denied an application of the owner for an order, directing that, upon the payment into court of the money admitted by him

---

(a) NOTE BY REPORTER.—In *Kaylor* v. *O'Connor, post,* p. 672, and *Sullivan* v. *Decker, post,* the necessity of making prior lien holders parties, where a claimant seeks to impeach their liens, is considered.

to be due upon his contract, other lien holders should be substituted in his place as parties to the suit, and that thereupon he should be discharged from liability.

The defendant in an action under the lien law, may set up in his answer whatever liens have been created prior to that upon which the claimant proceeds; and if, upon the trial, his indebtedness to the contractor proves to be less than the whole amount of such liens, the judgment of the court may be regulated with these facts in view. (a)

Whether, in many instances, it may not be necessary in these proceedings to bring before the court all the parties interested in the distribution of the fund; *quere?* (a)

SPECIAL TERM, NOVEMBER, 1852.

Before INGRAHAM, FIRST J.; all the members of the court concurring.

THE question considered in this case arose upon a motion made therein at special term. The opinion gives the facts.

*William Dodge,* for the defendant.

*Francis Tillou,* for the plaintiffs.

BY THE COURT. INGRAHAM, FIRST J.—This action was brought to foreclose a notice served under the lien law.

A number of claimants have filed the necessary papers to create liens, and the defendant now applies for an order permitting him to pay into court a certain sum which he admits to be owing to the contractor, substituting such claimants in his place, and discharging him from liability.

The plaintiff, however, claims that there is due from the defendant a larger sum than he admits to be due, and sufficient to pay himself and previous liens.

It is clear that the defendant does not bring himself within the provisions of the 122d section of the code, to succeed on this motion. The claim must be by different persons for the same debt, and the amount of the debt must be settled, so that the same can be paid into court. It has no where been allowed for a party who disputed the amount of his liability, to substitute another person to bear the expense of the litigation.

If the amount is not beyond dispute, no interpleader can be allowed. Here the defendant not only claims for credit on account of payments, but deductions from the contract price for bad work, for delay in finishing, and for unfinished work of large amounts, and then offers to pay the balance into court. To grant this application would be virtually a decision that the defendant was entitled to all the deductions claimed, without any opportunity to the other parties to test the validity of these claims.

I see no difficulty in the defendant setting up in his answer the various liens which have been created in this matter, in the order in which the notices were filed; and if upon the trial of the case, it shall appear that the amount for which he is liable to the contractor, is less than the whole amount of the liens prior to that of the plaintiffs', he can obtain the decision of the court upon the right of the plaintiffs to recover at all against him. So, also, it has been supposed that in many instances it may become necessary, in proceedings under the statute authorizing these liens, to bring before the court all the parties who are interested, in order that a final determination of the matters in controversy may be made, and a distribution of the fund ordered.

The practice under this statute is still unsettled, and these suggestions are made rather to call the attention of the defendant's counsel to them, than as an intimation of any course proper for him to take in this matter.

It is enough for the purposes of the present motion to say, that the case is not one for an interpleader; because the amount due from the defendant is unascertained ; because the defendant claims himself a deduction from the sum due to the contractor; and because the claims of the several persons filing the notices of their demands are not for the same debt.

The 122d section referred to, does not prevent the defendant from commencing a suit for the purpose of an interpleader, if he see fit, although he would find the same difficulty in his way there that exists on this motion.

Motion denied, without costs.